IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Civil No. 1:08-CR-413 |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN A. IORIO,** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant John A. Iorio's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docs. 34, 37.) For the reasons set forth below, the motion will be denied.

## I.    BACKGROUND

In June 2009, Defendant John A. Iorio was convicted of charges relating to child pornography and enticement of a minor. (*See* Doc. 27-2.) The court sentenced Mr. Iorio to a term of imprisonment of 240 months in accordance with the plea agreement he reached with the government. Today, Mr. Iorio is incarcerated at FCI Danbury. He has served approximately 148 months of his sentence—around 62%—and is projected for release in March 2025.

On May 21, 2020, Mr. Iorio submitted a *pro se* motion for a reduction in sentence under the compassionate release statute. (Doc. 34.) Five days later, upon review of the motion, this court issued an order appointing the Federal Public Defender "to promptly determine whether John A. Iorio is potentially eligible for

the requested relief and, if so, to file any appropriate motion on defendant's behalf." (Doc. 35.)

On May 22, 2019, the warden of FCI Danbury denied Mr. Iorio's previously-submitted request for a reduction in sentence under the compassionate release statute.

On June 29, 2020, Mr. Iorio submitted through counsel a brief in support of his request for a reduction in sentence. (Doc. 37.) The government has responded in opposition (Doc. 41) and Mr. Iorio has replied. (Doc. 42.) The matter is thus ripe for disposition.

## II.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons

warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2 Medical conditions that qualify as "extraordinary and compelling reasons" include:

> (1) suffering from a serious physical or medical condition,
> (2) suffering from a serious functional or cognitive impairment, or
> (3) experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

Other grounds may also qualify as extraordinary and compelling reasons. *See id*., cmt. n.1(D). Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed…to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed…to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The burden rests with the defendant to show that a reduction in sentence is proper. *United*

*States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

## III.   DISCUSSION

Mr. Iorio's motion seeks his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Iorio today is 63 years-old. He suffers from various medical conditions including esophageal reflux, hyperlipidemia, a urinary disorder, an enlarged prostate with lower urinary tract symptoms, elevated blood pressure, tachycardia (a racing heart), and vertigo. (Doc. 37, p. 2 of 10.) Mr. Iorio argues that these illnesses, and particularly his tachycardia and elevated blood pressure, increase his risk of suffering complications from COVID-19 should he contract the virus at FCI Danbury, which has a history of COVID-19 infections. FCI Danbury has experienced one inmate death from COVID-19. Eighty-nine inmates and 61 staff members have recovered from the virus, and one prisoner and two staff members have recently tested positive.[1]

The court is nevertheless unpersuaded that Mr. Iorio has shown extraordinary and compelling circumstances. According to the CDC medical information presented by Mr. Iorio, only those with "serious" heart conditions are at risk for severe illness from COVID-19, and there is no suggestion that Mr. Iorio's

---

[1] *See* Federal Bureau of Prisons, COVID-19 Coronavirus, *available at* https://www.bop.gov/coronavirus/ (last visited August 6, 2020).

tachycardia rises to such a level.[2] Nor is tachycardia among those enumerated "serious" heart conditions listed by the CDC such as heart failure, coronary artery disease, or cardiomyopathies. (*See* n. 2.) With respect to Mr. Iorio's high blood pressure, the CDC information provides that persons with high blood pressure "might be at increased risk" for severe illness from the virus. (*Id*.) There is no indication in the record, however, that Mr. Iorio's condition cannot be adequately controlled during his incarceration, and the court declines to find extraordinary and compelling circumstances based on the potential complications that high blood pressure might create in the event of infection. *See United States v. Armstrong*, No. 1:11-CR-89, --- F.Supp.3d ----, 2020 WL 4226520, at *4 (M.D. Pa. July 23, 2020); *United States v. Yanney*, No. 4:15-CR-298, 2020 WL 3619077, at *5 (M.D. Pa. July 2, 2020).

Mr. Iorio's medical conditions do not rise to extraordinary and compelling circumstances even when considering them together with FCI Danbury's history of COVID-19 infections. Despite a previous outbreak, the virus now appears to be relatively under control at the institution. Currently, the Bureau of Prisons reports one active case among prisoners and one active case among staff, and while even these relatively low numbers provide cause for concern, releasing Mr. Iorio due to

---

[2] *See* Centers for Disease Control and Prevention, Coronavirus Disease, People with Certain Medical Conditions, *available at* cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

his racing heartbeat and high blood pressure would go beyond the purview of the compassionate release statute.

Finally, even if the court were to find extraordinary and compelling circumstances here, a reduction in sentence would still not be appropriate upon consideration of the relevant factors outlined in 18 U.S.C. § 3553(a). Mr. Iorio's offense and related relevant conduct were serious and disturbing and involved his repeated efforts to gain access to minor victims and child pornography. In the court's view, reducing Mr. Iorio's sentence by more than seven years would fail to reflect the grave nature of the offense and history and characteristics of the defendant, and continued incarceration is necessary to provide adequate deterrence and protect the public from future crimes. Accordingly, a reduction in sentence is not appropriate.

### IV.  **CONCLUSION**

For the reason set forth above, Mr. Iorio's motion for compassionate release will be denied. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: August 6, 2020